## ESTATE OF AGUILERA v AGUILERA

### Case No. 89-374 FB

Fifteenth Judicial Circuit, Palm Beach County

January 29, 1990

### APPEARANCES OF COUNSEL

**Charles I. Cohen, Esquire,** as Personal Representative of the Estate of Amy T. Aguilera.

**Frank Aguilera,** pro se.

### OPINION OF THE COURT

JOHN D. WESSEL, Circuit Judge.

#### *FINAL JUDGMENT OF ANNULMENT OF MARRIAGE AND OTHER RELIEF*

This matter came before the Court for final hearing on the complaint of The Estate of Amy T. Finneran Aguilera by and through her personal representative, CHARLES I. COHEN, ESQUIRE for the annulment of the decedent's marriage to FRANK E. AGUILERA, the defendant.

The Court makes its conclusions of law and fact based upon the evidence presented, arguments made and the record as a whole. In

reaching the conclusions this Court has recognized disputed issues of fact and law which it hereby resolves in this, its final judgment.

The first issue this Court has been concerned with concerns the jurisdiction of this Court to grant an annulment of a marriage of a deceased person. The Court concludes that this Court does, indeed, have jurisdiction to grant such an annulment, based upon Florida's case law and its adherence to the common law, *Savage v Olson,* 9 So.2d 363 (Fla. 1942) at 365 and *Kuehmsted v Turnwall,* 133 So. 775 (Fla. 1932).

AMY T. FINNERAN and FRANK E. AGUILERA, were married in a ceremony in Las Vegas, Nevada on April 2, 1988. AMY T. FINNERAN died on November 5, 1988.

The evidence indicates that prior to the alleged marriage between AMY T. FINNERAN and FRANK E. AGUILERA, a brief relationship existed. AMY T. FINNERAN, at the time of this relationship, was a chronic alcoholic and prescription drug abuser. FRANK E. AGUILERA, was well aware of her fragile condition and was also aware that she was the beneficiary of several trusts created by her prior deceased husband. Her prior husband, aware of her fragile condition and her frequent bouts with addiction, created various trusts to protect her during her life and provided that the balance of those trusts go to their children. The trustee of these trusts was Reverend Joseph Haller, S.J. He was a longtime confidant of FRANK FINNERAN, her first husband and was an adviser to AMY T. FINNERAN.

The believable evidence indicates when FRANK E. AGUILERA, came into the scene he became a dominant unrelenting force and totally controlled AMY T. FINNERAN'S life. He was aware of her weakness and her vulnerability and actively led her into further deterioration of addiction by introducing her to the use of the substance, cocaine. The evidence further indicates that he sought to impress her with the extent of his wealth which he had estimated to be between 4.8 and 5.4 million dollars and that he continuously referred to himself and required that he be introduced as an Ambassador from Spain. Without knowledge of any persons or relatives, including AMY'S family, FRANK E. AGUILERA and AMY T. FINNERAN were married in Las Vegas. They ultimately sought to establish a permanent domicile and residence in Boca Raton, Florida.

The evidence indicates that FRANK E. AGUILERA has had a criminal record and that he was a totally dominant force in AMY T. FINNERAN'S life. Taking advantage of her weakness and addictive nature, he prevailed upon her to invest in a business venture which

112

soon turned out to be disastrous. Because of the lifestyle he established for himself he demanded and required continual infusions of cash.

There is no doubt that during this period of marriage the parties acquired apartment PH-A of Cloister Beach Towers, a condominium and certain Nuveen Bonds, having a face value of $100,000.00. The personal representative seeks to make these assets part of the estate of AMY T. FINNERAN, with no claim by FRANK E. AGUILERA.

This Court concludes, as in *Savage, supra,* that although the evidence is in conflict, it has been clearly shown and established that the fraud, misrepresentation and connivance of FRANK E. AGUILERA, so overwhelmed and pervaded AMY T. FINNERAN, that she lacked the ability to consent to any marital relationship, by virtue of this overwhelming control exercised by FRANK E. AGUILERA and her addiction to alcohol, prescribed medicines and cocaine, of which she ultimately died.

Accordingly the Court finds that the Estate, by and through its personal representative, have established by the overwhelming evidence that the marriage between AMY T. FINNERAN and FRANK E AGUILERA should be annulled and is declared void, ab initio. Accordingly, it is

ORDERED AND ADJUDGED:

1. The marriage between AMY T. FINNERAN AGUILERA and FRANK E. AGUILERA is void, ab initio, and is hereby ANNULLED by this Court ad vinculo.

2. The following described real property was purchased with the sole funds of the deceased and this Judgment shall serve as a Conveyance of Title into the name of CHARLES I. COHEN, ESQUIRE, as Personal Representative of the Estate of AMY T. FINNERAN, pursuant to the Florida Rules of Civil Procedure 1.570(d), said property fully described as follows:

Apartment PH-A of CLOISTER BEACH TOWERS, a Condominium according to the Declaration of Condominium thereof as recorded in O.R. Book 1441, Page 371 of the Public Records of Palm Beach County, Florida.

3. That certain Nuveen Bond, namely Bond $100,000.00 Nuveen Bond NT-412-S, in the name of AMY T. FINNERAN, Social Security No. 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; U.S. Trust Company, Nuveen Unit, P.O. Box 826, Cooper Station, New York, New York 10003 is hereby transferred to CHARLES I. COHEN as Personal Representative of the Estate of Amy T. Finneran, pursuant to Florida Rules of Civil Procedure 1.570(d).

4. All property owned by AMY T. FINNERAN, also known as AMY T. AGUILERA, prior to her marriage, is separate property of AMY T. FINNERAN, and is now the property of the Estate and is owned by CHARLES I. COHEN, ESQUIRE, as Personal Representative of the Estate of AMY T. FINNERAN AGUILERA.

5. This Judgment shall serve as a conveyance of said property to CHARLES I. COHEN, ESQUIRE, as Personal Representative of the Estate of AMY T. FINNERAN AGUILERA, pursuant to the Florida Rules of Civil Procedure 1.570(d).

6. Count IV of the Complaint filed herein is hereby DISMISSED without prejudice.

7. This Court retains jurisdiction on all matters consistent herein.

DONE AND ORDERED at West Palm Beach, Florida this 29th day of January, 1990.